**Marshall Kenneth FLOWERS and Anna Flowers, Plaintiffs,**

v.

**FIRST HAWAIIAN BANK, Defendant.**

**No. Civ. 99–000335SPK.**

United States District Court,
D. Hawaii.

March 7, 2000.

Marshall Kenneth Flowers, Honolulu, HI, plaintiff pro se.

Michael A. Lorusso, John Komeiji, Patsy Kirio, Watanabe Ing & Kawashima, Honolulu, HI, for defendant.

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

SAMUEL P. KING, District Judge.

### INTRODUCTION

This case involves the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq. ("RFPA"). Plaintiff Marshall Kenneth Flowers ("Flowers") contends that Defendant First Hawaiian Bank ("First Hawaiian") violated the RFPA when it revealed financial information about Flowers and his wife under a subpoena in a military Article 32 proceeding, but did not give him notice as set forth in the RFPA. First Hawaiian moves for judgment on the pleadings, asserting that Flowers fails to state a claim. First Hawaiian is correct. A specific statutory exemption applies. For the reasons set forth to follow, the motion is GRANTED.

### DISCUSSION

Flowers was a Sergeant Major in the Army in 1998, stationed at Schofield Barracks. In April of 1998, he was charged with larceny under the Uniform Code of Military Justice ("UCMJ"). A hearing under Article 32 of the UCMJ, 10 U.S.C. § 832, was scheduled for June 25, 1998.[1] An Article 32 proceeding is "the military counterpart to the civilian grand jury." *Morgan v. Perry*, 142 F.3d 670, 677 (3d Cir.1998), *cert. denied*, 525 U.S. 1070, 119 S.Ct. 801, 142 L.Ed.2d 662 (1999).

Accordingly, on June 19, 1998, a military lawyer issued a subpoena to the Schofield branch of First Hawaiian for "all bank records, # 25478010, to include all deposits and withdrawals." This was a joint check-

ing account of Flowers and his wife. First Hawaiian produced records in accordance with the subpoena. It also sent a letter with a copy of the subpoena to Flowers at his last known address. It did not, however, comply with the specific provisions of 12 U.S.C. § 3411 and 3412.

Flowers asserts that First Hawaiian violated the RFPA by not complying with statutory notice provisions. Section 3403(a) of the RFPA provides:

**Release of records by financial institutions prohibited**

No financial institution, or officer, employees, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this chapter.

12 U.S.C. § 3403(a).

■ The RFPA was enacted to "protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity[.]" *Neece v. Internal Revenue Service*, 922 F.2d 573, 574 (10th Cir.1990). "Section 3402, in conjunction with sections 3404–08, requires notice to be given the individual when a federal agency seeks access to that individual's records, and an opportunity is required to be provided for that individual to challenge the requested disclosure." *Id.* at 573.

■ Nevertheless, "it was clear from the outset that the newly created statutory right to privacy in banking records would not be absolute." *Velasquez–Campuzano v. Marfa National Bank*, 896 F.Supp. 1415, 1420 (W.D.Tex.1995), *aff'd*, 91 F.3d 139 (5th Cir.1996) (mem.). "Consequently, there are a number of exceptions to the requirements of the RFPA." *Id.* That is, if

---

1. The charge was apparently dropped, although Flowers contends that he had to leave the service short of his intended goal of 30 years.

an exception applies, the financial institution need not provide notice to the customer or otherwise comply with the notice provisions in the RFPA.

█ The exceptions are set forth in section 3413. In particular, First Hawaiian points to section 3413(e):

**Disclosure pursuant to Federal Rules of Civil or Criminal Procedure or comparable rules of other courts**

*Nothing in this chapter shall apply* when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or *comparable rules of other courts in connection with litigation* to which the Government authority and the customer are parties. (Emphasis added.)

First Hawaiian contends that the subpoena issued in the Army's Article 32 proceeding was a "comparable rule of [another] court" and the proceeding was "litigation" within the meaning of section 3413(e).

First Hawaiian is correct. Particularly persuasive is the Third Circuit's ruling that an Article 32 is the counterpart to a grand jury proceeding. *See Morgan,* 142 F.3d at 677. Even if there are differences between the two, an Article 32 is still "litigation" and the subpoena was being sought by a "rule ... in connection with [that] litigation." Indeed, there is a specific exemption for subpoenas issued in grand jury proceedings. *See* 12 U.S.C. § 3413(i); *In re Grand Jury Subpoena Duces Tecum,* 797 F.2d 676, 677 (8th Cir.1986). Moreover, by statute, the UCMJ applies the "principles of law and the rules of evidence generally recognized in the trial of criminal cases in United States district courts[.]" *See* 10 U.S.C. § 836(a). Flowers' financial records were being sought under the UCMJ, which applies "comparable rules" to the federal rules within the

meaning of section 3413(e). The Article 32 proceeding was between the government (the United States Army) and First Hawaiian's customer (Flowers). It fits logically and precisely within section 3413(e).[2] First Hawaiian is plainly protected by the exception.

*CONCLUSION*

Because an exception applies, the statutory notice provisions do not. There is no viable claim against First Hawaiian. The Motion for Judgment on the Pleadings is GRANTED. Flowers's oral request to file an amended complaint is DENIED; this is purely a question of law and further amendment would be futile. The Clerk shall enter judgment under Fed.R.Civ.P. 58.

IT IS SO ORDERED.

---

**2.** Nor does it matter that the account was joint. There might be some issue *if* the notice provisions applied, i.e., whether a financial institution must notify *both* owners. But, here, the statute does not apply in the first instance.