**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 99-31342

---

ROB W. ROBERTS,

Plaintiff-Appellant

v.

SABINE STATE BANK & TRUST CO.,

Defendant-Appellee

---

Appeal from the United States District Court
for the Western District of Louisiana

---

August 31, 2000

Before KING, Chief Judge, PARKER, Circuit Judge, and KAZEN, District Judge.[1]

KAZEN, District Judge:

Rob Roberts ("Roberts") appeals the District Court's dismissal with prejudice of his original complaint filed against Sabine State Bank & Trust Company ("Sabine"). In that original complaint, Roberts alleged that Sabine violated Roberts' rights under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 et. seq., by releasing Robert's financial records without first receiving a certificate from the Government that the Government had complied with the RFPA provisions as is required by 12 U.S.C. § 3403(b). That section states that "[a] financial institution shall not release the financial records of a customer until the Government authority

---

[1]District Judge of the Southern District of Texas, sitting by designation.

seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter."

Defendant Sabine filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss which was converted to a Fed.R.Civ.P. 56 motion for summary judgment. The essence of Sabine's motion was that the financial records were released pursuant to a subpoena issued under Rule of Courts-Martial 703(e)(2)(B), triggering the exception in 12 U.S.C. § 3413(e). That section provides: "[n]othing in this chapter shall apply when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties."

Here, the District Court affirmed a Magistrate Judge's Report and Recommendation, which concluded that the subpoena issued by the trial counsel (prosecutor) in the course of the court-martial against Roberts was issued "under a rule of the kind referenced in § 3413(e)."

Appellant Roberts asserts that R.C.M. § 703(e)(2)(B) is not "comparable" to Fed. R. Crim. P. 17(c) because it does not have the notice and opportunity to challenge requirements contained in that rule. We disagree. The language in the two rules is very similar, and there is case law to support the view that R.C.M. § 703(e)(2)(B) was modeled after federal criminal procedural rules. In *Flowers v. First Hawaiian Bank,* 85 F. Supp.2d 993, 995 (D. Haw. 2000), the district court noted that according to 10 U.S.C. § 836(a) "the UCMJ applies the 'principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts[.]'" The *Flowers* court held that the UCMJ applied "comparable rules" to the federal rules referred to in RFPA § 3413(e). More importantly, 10 U.S.C. § 846 states that

2

"[p]rocess issued in court-martial cases ... to compel the production of other evidence shall be similar to that which courts of the United States having criminal jurisdiction may lawfully issue."

Roberts contends that Rule 17(c) is not comparable to R.C.M. § 703(e)(2)(B) because, under the military rule, the defense is effectively prevented "from obtaining notice of a subpoena for a customer's financial records, and the opportunity to quash or modify it, as a defendant would in a proceeding governed by Fed. R. Crim.Proc. 17(c)." That assertion is inaccurate. In the first place, the RFPA does not purport to confer any notice rights on defendants in a criminal case, military or civilian. The Act deals with rights of bank customers. In any event, assuming the bank customer is also a criminal defendant, neither the military nor civilian rule grants defense counsel any notice before a subpoena is issued. Rule 17(c) states that once papers are subpoenaed, "the court *may* direct that books, papers, documents or other objects designated in the subpoena be produced before the court *at a time prior to the trial or prior to the time when they are to be offered in evidence.*" (emphasis added). The described court action is subsequent to the subpoena by the prosecutor. The defense counsel is not entitled to notice before a subpoena is issued under either the military or civilian rule. The two rules, while not identical, are clearly comparable. Therefore, Section 703(e)(2)(B) does fall under exception § 3413(e).

At first glance, there appears to be a conflict between Section 3403(b), which states that a financial institution shall not release financial records until the Government authority provides certification, and Section 3413(e), which states that "nothing" in the chapter applies when financial records are sought by the Government authority under certain rules. We note, however, that Section 3413(e) refers to a request in connection with "litigation to which the Government authority and the customer are parties." The exception appears to draw a distinction between a

governmental request related to litigation and a governmental request pertinent to an administrative-type inquiry not connected to pending litigation. Because the request here derived from a court-martial case, the exception would apply. *See Flowers v. First Hawaiian Bank,* at 995.

Finally, we note that the Army has issued a regulation, 32 C.F.R. 504.2(e), regarding the implementation of the RFPA. It states that for judicial subpoenas, including subpoenas such as this one issued under Article 46 of the U.C.M.J., the Army will observe the notice and challenge provisions of 12 U.S.C. §§ 3407 and 3410. We agree with the district court that if this case were against the Army, those regulations may be pertinent. However, Roberts has sued the Bank. Even if the Army assumed greater responsibilities than the RFPA requires, the Bank is not deprived of the right to rely on the exemption Congress created in Section 3413(e).

The judgment of the court below is AFFIRMED.