IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30219
Summary Calendar
_____

DANIEL BATTLE,

Plaintiff-Appellant,

versus

DAVID MIZE, Major General, United States
Marine Corps Covening Authority; WILLIAM J.
DUNAWAY, United States Navy Military Judge;
JAMES J. CAVAGNARO, Major, United States
Marine Corps Military Justice Officer; SEAN DUNN,
First Lieutenant, United States Marine Corps Trial
Counsel; BANK ONE SERVICES CORPORATION;
GULF COAST FEDERAL CREDIT UNION,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 00-CV-517-T)
_____

October 2, 2000

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Daniel[1] Battle, a United States Marine Corps corporal, brought this action in federal district court against several military officials (the military) and two lending institutions, seeking a temporary restraining order and injunctive relief. At the time he filed suit in federal court, a special court-martial was proceeding against him on charges of writing bad checks. The prosecution in the court-martial had obtained subpoenas which were issued to three lending institutions, commanding the production of records relating to Battle's bank accounts. Battle sought relief in federal district court, alleging that the subpoenas had not been issued in compliance with the Right to Financial Privacy Act (RFPA or Act), 12 U.S.C. §§ 3401-3422.

The district court denied injunctive relief and dismissed the suit. The court reasoned Battle had not shown a substantial threat of irreparable harm because any failure of the prosecution to comply with the RFPA could be addressed through the normal review and appeal procedures of the military justice system. The court also agreed with the military that granting injunctive relief would not serve the public interest, since such relief would invite collateral attacks in the federal district courts of "every evidentiary decision of a military judge." Among other requirements, the party seeking a preliminary

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Also spelled "Daniell" and "Danniell" in the record.

injunction must establish a substantial threat that failure to grant the injunction will result in irreparable injury, and must show that the injunction will not disserve the public interest. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

After the district court ruled, Battle was acquitted in the court-martial proceeding. He has nevertheless pursues this appeal of the federal district court dismissal, arguing that the district court should permanently enjoin the military and the financial institutions from disclosing the financial records the military obtained in violation of the RFPA. The parties dispute whether this argument was raised below.

Regardless, as an alternative ground for denying relief below, the military argued that the RFPA is inapplicable to this dispute because it provides an exception at 12 U.S.C. § 3413(e). Under this exception, nothing in the RFPA applies to financial records sought by a government authority under the Federal Rules of Criminal Procedure "or comparable rules" in litigation between the government authority and the bank customer himself. We have recently held that the § 3413(e) exception applies to military court-martial proceedings. Roberts v. Sabine State Bank & Trust Co., No. 99-31342, 2000 WL 1234230 (5th Cir. Aug. 31, 2000). We will not reverse a judgment if the district court can be affirmed on any ground, regardless of whether the district court articulated the ground. See United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 765 n.6 (5th Cir. 1996). Under Roberts, the RFPA was inapplicable to the court-martial proceedings, and the district court therefore did not err in denying injunctive relief to Battle based on alleged violations of that Act.

3

Battle argues that even if the § 3413(e) exception is applicable to court-martial proceedings, the Secretary of Defense has "waived" this exception through his adoption of 32 C.F.R. § 275.9(c) (1999).  Assuming that the federal district court had jurisdiction to enjoin the defendants before it based on a violation of this federal regulation,[2] we do not read the relevant regulations as making the provisions of the RFPA applicable to the military even where the § 3413(e) exception would otherwise apply.  32 C.F.R. part 275 regulates the acquisition of information from financial institutions by the Department of Defense.  Section 275.1 states that this part "implements" the RFPA.  There is no expressed indication that the regulations are intended to provide more protection for the bank customer than that provided by the RFPA.  Section 275.9(a)(3) of the regulations, consistent with § 3407 of the RFPA, references judicial subpoenas.  Section § 3403(b) of the RFPA provides that a financial institution shall not release financial records until it receives a certification from the government authority that it has complied with the requirements of the Act.  Section 275.9(c) of the regulations tracks this statutory provision and requires that a certificate of compliance with the RFPA "shall be provided to the financial institution as a prerequisite to obtaining access to financial records."  In short, the regulations are consistent with the RFPA and we do not read them as imposing

_____

[2] While the RFPA grants federal district courts jurisdiction over an action to enforce any provision of the Act, see 12 U.S.C. § 3416, we are less than certain of district court jurisdiction to enjoin a military tribunal and its participants from disclosing evidence obtained in the course of a court-martial, on the basis of an alleged violation of a Department of Defense regulation.

4

certification or other requirements on the military where the Act, under § 3413(e), would

otherwise provide an exception to these requirements.[3]

AFFIRMED.

---

[3] Our recent <u>Roberts</u> decision suggests in dicta that a different regulation, 32 C.F.R. § 504.2(e) (1999), might impose greater notice and challenge requirements on the Army than the RFPA itself. <u>See</u> <u>Roberts</u>, 2000 WL 1234230, at *2. This regulation provides that with respect to judicial subpoenas "[t]he notice and challenge provisions of 12 U.S.C. 3407 and 3410 will be followed." However, Battle did not raise any argument regarding this provision below or on appeal, and it appears to be applicable only to the Department of the Army.