**Marshall Kenneth FLOWERS,**
**Plaintiff–Appellant,**

v.

**FIRST HAWAIIAN BANK, Schofield**
**Branch, Defendant–Appellee.**

**No. 00–15635.**

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 6, 2001.

Submitted May 17, 2002.

Filed July 2, 2002.

Marshall Kenneth Flowers, Honolulu, HI, Pro Se, for the appellants.

Patsy H. Kirio, Honolulu, HI, for the appellee.

Robert D. McCallum, Jr., Assistant Attorney General, Washington, D.C.; Edward H. Kubo, Jr., United States Attorney, Honolulu, Hawaii; and Anthony J. Steinmeyer, Civil Division, Department of Justice, Washington, D.C., for the amicus curiae.

Before THOMPSON, O'SCANNLAIN and BERZON, Circuit Judges.

## OPINION

THOMPSON, Senior Circuit Judge.

Marshall Kenneth Flowers and his wife Anna Flowers (collectively the "Flowers") brought suit pro se under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3422, against the defendant First Hawaiian Bank ("the Bank"). They alleged that the Bank violated the RFPA by producing copies of their financial records to the United States Army, pursuant to a subpoena, without first obtaining a certificate of compliance from the Army as required by the RFPA. See id. §§ 3403(b), 3407, 3411.

The primary issue in this case is whether such a certificate was required, or whether the Bank's production of the Flowers' financial records pursuant to the subpoena was exempt from the RFPA. The Army had issued the subpoena during an Article 32 proceeding. An Article 32 proceeding, in general terms, is an investigative proceeding that is required under Article 32 of the Uniform Code of Military Justice (UCMJ) before a general court-martial may be convened. The district court held that the Bank did not violate the RFPA because its conduct in response to the Army's Article 32 subpoena was within the RFPA's exemption for information disclosed in the course of litigation between the government and a private citizen. *See id.* § 3413(e). The bank also contended that the RFPA's exemption for information disclosed pursuant to a grand jury subpoena applied, *see id* § 3413(i), but the district court did not reach that question. The court granted judgment on the pleadings in favor of the Bank, and denied the Flowers' motions for reconsideration and leave to amend.

We have jurisdiction under 28 U.S.C. § 1291, and we reverse. Because subpoenas are not authorized in Article 32 proceedings, the subpoena was not lawfully issued. When the Bank complied with the subpoena without obtaining a certificate of compliance from the Army, it acted at its peril and it is not entitled to the protection of the RFPA exemptions on which it relies. Accordingly, judgment on the pleadings was inappropriate. We also conclude that the district court should have granted the Flowers' motion for leave to amend. The Flowers' challenge to the denial of their motion for reconsideration is moot.

I

Facts and Proceedings

■ "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine,* 143 F.3d 1196, 1200 (9th Cir.1998). All facts alleged in the Flowers' complaint are, therefore, taken as true.

This case arose while Mr. Flowers was a Sergeant Major in the United States Army stationed at the Schofield Barracks in Hawaii. In April 1998, the Army charged Sergeant Major Flowers with larceny under the UCMJ. Article 32 of the UCMJ provides that an investigative proceeding must be conducted before convening a general court-martial. 10 U.S.C. § 832. The proceeding must "include inquiry as to the truth of the matter set forth in the charges, consideration of the form of charges, and a recommendation as to the disposition which should be made of the case in the interest of justice and discipline." *Id.* Further, in the proceeding, an accused is entitled to counsel and some discovery, and has the right to cross-examine witnesses. *Id. See generally United States v. Samuels,* 10 C.M.A. 206 (1959); *United States v. Bramel,* 29 M.J. 958 (A.C.M.R.1990); Commander Edward M. Byrne, *Military Law* 81–87 (2d Ed.1975); Charles A. Shanor & L. Lynn Hogue, *Military Law* 146–47 (2d Ed.1996).

A commanding officer initiates an Article 32 proceeding by appointing an investigating officer. The investigating officer need not be a lawyer. Major Larry A. Gaydos, *A Comprehensive Guide to the Military Pretrial Investigation,* 111 Mil. L.Rev. 49, 59 (1986). The investigating officer produces a written report recommending whether the charges should be referred to a general court-martial. Rules for Courts–Martial (RCM) 405(j); Shanor & Hogue, *supra,* at 147.

The personnel present at an Article 32 proceeding are somewhat different from

those present at a court-martial. Only the investigating officer, defendant, and defense counsel need be present. "Government counsel" may also be present to represent the government, but such presence is not required. Gaydos, *supra*, at 58–68 & n. 97. In comparison, at a court-martial, the government is represented by a lawyer, the "trial counsel," who serves as the military prosecutor. 10 U.S.C. § 838.

The investigating officer for the Article 32 proceeding in the present case was Major Timothy M. Ryan. The more significant figure, however, was the government counsel, Captain John Ohlweiler.

On June 19, 1998, while the Article 32 proceeding was pending, Captain Ohlweiler issued a subpoena to the Bank's Schofield branch requesting all bank records for an account held jointly by the Flowers. The subpoena stated on its face that it was a subpoena in an Article 32 proceeding.

■ Approximately two weeks later, Sergeant Major Flowers received a letter from the Bank informing him of the subpoena and enclosing a copy. That notice did not inform the Flowers of their rights under the RFPA. *See* 12 U.S.C. § 3407(b). The responsibility for providing such notice rests with the government authority that issues the subpoena. *See id.*[1]

In late July or early August, the Bank produced the Flowers' financial records in accordance with the subpoena. Sometime thereafter, the charges against Sergeant Major Flowers were dropped.

On May 7, 1999, the Flowers filed a pro se complaint against the Bank in the district court alleging that the Bank's production of their financial records violated the RFPA's requirement that financial records be produced by a financial institution only after that institution has received from the governmental authority requesting the records a certificate of compliance with the RFPA. *See* 12 U.S.C. § 3411. The Bank filed an answer denying it had violated the RFPA, and moved for judgment on the pleadings. The Flowers *responded* and the district court heard oral argument.

The central issue in contention was whether the Bank's response to the Article 32 subpoena fit within one of the RFPA's exemptions provided by 12 U.S.C. § 3413. The exemptions allow a financial institution to produce a customer's financial records without obtaining a certificate of compliance from the requesting governmental authority when the records are sought in connection with litigation between a governmental authority and the customer, *id.* § 3413(e), or are sought in connection with grand jury proceedings, *id.* § 3413(i). In a published opinion, *Flowers v. First Hawaiian Bank*, 85 F.Supp.2d 993 (D.Haw.2000), the district court held that the Article 32 proceeding was within the governmental litigation exemption provided by § 3413(e), and entered judgment on the pleadings in favor of the Bank.

The Flowers moved for reconsideration. They also moved for leave to amend their complaint to add the United States Army as a defendant and to clarify that Captain Ohlweiler was government counsel, not trial counsel, in the Article 32 proceeding. It is a little unclear, but the Flowers may also have sought permission to amend the allegations of their complaint concerning damages. The district court denied these motions. It concluded that no grounds for reconsideration were presented and that

---

1. The Flowers' complaint erroneously suggests that the Bank was charged with providing them with a notice of the subpoena that included a statement of the rights the Flowers enjoyed under the RFPA. That is incorrect. The responsibility for providing such a notice rests with the requesting government authority. *See* 12 U.S.C. § 3407.

further amendment would be futile. This appeal followed.

After argument, we asked the United States, including the Army, to submit an amicus brief addressing the merits of this case, and in particular the legality of the Article 32 subpoena. We have received and considered that brief, as well as a responsive brief from the Flowers.

## II

### The Right to Financial Privacy Act

 We review de novo the district court's judgment on the pleadings. *Weeks v. Bayer,* 246 F.3d 1231, 1234 (9th Cir. 2001). We also review de novo issues of statutory interpretation. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs,* 251 F.3d 814, 819 (9th Cir.2001).

 [1] It is not disputed that Sergeant Major Flowers, as a member of the armed services when the circumstances in this case occurred, is protected by the RFPA. *United States v. Dowty,* 48 M.J. 102, 109 (1998) (holding that the RFPA covers financial records of members of the armed services); *see also* 32 C.F.R. §§ 504.1–.2 (regulations applying the RFPA to military investigators). Nor is there any dispute that ordinarily, if a government authority requests or subpoenas a bank customer's financial records, then, to protect itself from liability, a bank is required to obtain a certificate of compliance with the RFPA from the governmental agency requesting the records before producing them. 12 U.S.C. § 3411; *see also id.* § 3407. Unless exempt under other provisions of the RFPA, a violation of this requirement entitles the customer to $100 per violation, attorney fees and costs, and actual and punitive damages. *Id.* § 3417.

Here, the Bank did not obtain a certificate of compliance from the Army. As a result, the issue is whether the subpoena issued by the Army in the Article 32 proceeding triggered the exemption provided for litigation between the government and a bank customer, *id.* § 3413(e), or the exemption for grand jury proceedings, *id.* § 3413(i). We hold that neither of these exemptions applies.

### A

### Litigation Between the Government and a Customer

12 U.S.C. § 3413(e) states: "Nothing in [the RFPA] shall apply when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties." This exemption has four requirements, all of which must be met for it to apply: the applicable financial records must be sought by (1) a governmental authority, (2) under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts, (3) in connection with litigation, (4) to which the governmental authority and the customer are parties. *Id.* An Article 32 subpoena meets three, but not all four, of these requirements.

First, Captain Ohlweiler was acting as an officer in an Article 32 proceeding under United States law. Rules for Courts–Martial (RCM) 405. He was, therefore, acting for a government authority within the meaning of the RFPA. *Dowty,* 48 M.J. at 108–09.

Skipping to the third requirement, an Article 32 proceeding bears sufficient indicia of litigation to meet the litigation requirement. *See, e.g., United States v. McCarty,* 25 M.J. 667, (A.F.C.M.R.1987) (right to cross-examine witnesses in an Article 32 proceeding is a substantial right

entitled to judicial enforcement); *Samuels*, 10 C.M.A. at 213 (statements can be admitted in an Article 32 proceeding only if made under oath or affirmation); *United States v. Burrow*, 16 C.M.A. 94, 96–97 (1966) (testimony of a witness at an Article 32 proceeding is admissible at later proceedings under certain circumstances); *United States v. Payne*, 3 M.J. 354, 355 n. 5 (C.M.A.1977) (investigating officer in an Article 32 proceeding serves a judicial function).

The fourth requirement—that the bank customer and the governmental authority be parties to the litigation—is also met. Sergeant Major Flowers was charged by the Army with having committed the offense of larceny. As the accused, he had the right to be present at the Article 32 proceeding, to offer contrary evidence, and to cross-examine witnesses. 10 U.S.C. § 832(b). The government authority (the Army) was also a party. While some cases have referred to an Article 32 proceeding as an ex parte proceeding because the government need not be present, *see, e.g., Samuels*, 10 C.M.A. at 212, the government has the right to be present as a party by appointing, at its discretion, "government counsel." *See* Gaydos, *supra*, at 65–66.

■ The second requirement of § 3413(e), however, is not met. A subpoena issued in an Article 32 proceeding is not issued "under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts."

Our conclusion might be otherwise if the subpoena were issued in connection with a pending court-martial proceeding. In *Roberts v. Sabine State Bank & Trust Co.*, 226 F.3d 374 (5th Cir.2000), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1236, 149 L.Ed.2d 145 (2001), the Fifth Circuit held that a subpoena issued by the trial counsel (prosecutor) in the course of a court-martial

"derived from a court martial case" and met all of the governmental litigation requirements of 12 U.S.C. § 3413(e). *Roberts*, 226 F.3d at 376. The UCMJ, however, specifically authorizes the issuance of a subpoena in court-martial proceedings. No such authority exists for the issuance of a subpoena in an Article 32 proceeding.

The provision of the UCMJ addressing subpoenas states:

> The trial counsel, the defense counsel, and the court martial shall have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe. Process issued in court-martial cases to compel witnesses to appear and testify and to compel the production of other evidence shall be similar to that which courts of the United States having criminal jurisdiction may lawfully issue and shall run to any part of the United States, or the Territories, Commonwealths, and possessions.

10 U.S.C. § 846. The UCMJ makes no mention of subpoenas in Article 32 hearings.

Similarly, the Rules for Courts–Martial (RCM), which implement the UCMJ, do not authorize Article 32 subpoenas. Military subpoenas to obtain civilian records, such as the bank records at issue in this case, are governed by RCM 703(e)(2), which states in its relevant part:

> A subpoena may be issued by the summary court-martial or trial counsel of a special or general court-martial to secure witnesses or evidence for that court-martial. A subpoena may also be issued by the president of a court of inquiry or by an officer detailed to take a deposition to secure witnesses or evidence for those proceedings respectively.

RCM 703(e)(2)(C); *see also* RCM 702(f)(4)(B). Again, no authorization is made for the issuance of a subpoena in an Article 32 proceeding. The provision authorizing subpoenas by courts of inquiry is unavailing because such courts are separate legal proceedings with separate procedures. *See* 10 U.S.C. § 935. Also unavailing is the provision for deposition subpoenas because, although evidence obtained by a deposition may be used in an Article 32 proceeding, *see* discussion following RCM 702(a), depositions under RCM 702 are distinct legal proceedings. *See* RCM 702; 10 U.S.C. § 849.

■ Further, RCM 405, which regulates Article 32 proceedings, makes no mention of a subpoena power. Instead, the discussion following Rule 405(g)(2)(B) explicitly notes: "[C]ivilian witnesses may not be compelled to attend a pre-trial investigation." Thus, from our review of the UCMJ and RCM, we conclude that the Article 32 investigating officer and the government counsel both lack subpoena power.

A multitude of military cases, albeit mostly in dicta, have reached this same conclusion. *See, e.g., United States v. Johnson*, 53 M.J. 459, 460–61 (2000) (reciting in a statement of fact a ruling, unchallenged on appeal, by a lower level military court judge that a subpoena issued in an Article proceeding was illegal and stating, without analysis, that "[t]he military judge was correct in ruling that an illegally ordered 'subpoena' was issued."); *United States v. Chuculate*, 5 M.J. 143, 144 (C.M.A.1978) (in dicta, noting that "[e]xamination of the Uniform Code and the Manual for Courts–Martial reveals no provision expressly authorizing compulsory process for an Article 32 hearing witness' appearance"); *id.* at 146–47 (Cook, J., concurring in the result) (tracing the history of the unavailability of compulsory process

against civilian witnesses in Article 32 proceedings); *United States v. Anderson*, 46 M.J. 540, 544 (1997) (holding that evidence held by a civilian police department was not within the government's possession because the government lacked subpoena power to obtain it for use in an Article 32 proceeding); *see also United States v. Smelley*, 33 C.M.R. 516, 519–20, 1963 WL 4902 (A.B.R.1963) (describing in a detailed statement of facts that a general who was the convening authority of an Article 32 proceeding assumed that an Article 32 investigating officer lacked subpoena power; no part of the opinion challenged the general's conclusion).

Legal commentators also have reached the conclusion that no subpoena power exists in an Article 32 proceeding. *See, e.g.,* Lieutenant Colonel John P. Saunders, *Hunting for Snarks: Recent Developments in the Pretrial Arena*, Army Law., Apr. 2001, at 14, 30 ("[T]he government has no power to subpoena witnesses to Article 32, UCMJ investigative hearings."); Gaydos, *supra*, at 74 ("[A] civilian witness cannot be compelled by subpoena to attend an Article 32 hearing.").

The only somewhat contrary authority is *United States v. Roberts*, 10 M.J. 308 (C.M.A.1981). There, the court, in dicta, stated: "Since 1923, military authorities have consistently held that there is no legal authority to compel a civilian witness to appear at a pretrial investigation.... We note however, that in Federal civilian criminal practice a grand jury has subpoena power...." *Id.* at 310 n. 1 (citations omitted). After considering contrary authorities the court concluded, "[n]evertheless, the legislative hearings on Article 32 provide some indication that the use of a subpoena at the pre-trial investigation was contemplated in extraordinary situations." *Id.* at 313 n. 3. In a concurrence, Judge Cook strongly disagreed with the majori-

ty's statements that subpoena power could possibly exist in an Article 32 proceeding. *Id.* at 315–16. He observed that the majority's authorities actually concluded that no such process was available. *Id.* Because *Roberts* stands alone in suggesting that a subpoena power exists in Article 32 proceedings, and because it is contrary to our review of the UCMJ and RCM, we find it unpersuasive.

In its amicus brief, the government concedes the issue, stating that "the government counsel's subpoena to compel the Bank to produce [the] Flowers' bank records before the Article 32 proceeding ... was not authorized by the UCMJ, the RCM, or any other provision of law." However, the government argues, "[t]he fact that the subpoena was not specifically authorized by the UCMJ or the RCM does not mean that the subpoenaed records were not sought 'under' those rules" within the meaning of 12 U.S.C. § 3413(e). We disagree.

The subpoena states on its face that it is a subpoena in an Article 32 proceeding. In other words, it invokes nonexistent legal authority as the basis for its issuance. The subpoena also invokes the UCMJ generally, but this general invocation is inadequate to place the subpoena under the UCMJ when the more specific statement of legal authority—the reference to Article 32—does not support the subpoena.

The government argues the word "under" in 12 U.S.C. § 3413(e) should be construed to embrace an Article 32 proceeding. It suggests an analogy to federal question jurisdiction under 28 U.S.C. § 1331, pointing out that the "arising under" requirement of that statute can be met even if the case ultimately lacks merit.

The suggested analogy misses the mark. An appropriate allegation that a claim arises "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, is sufficient to vest a federal district court with jurisdiction to determine whether or not the claim actually does so arise, and if it does, to decide the issue the claim presents. If the court determines the claim does not arise "under the Constitution, laws, or treaties of the United States" or if it determines the claim lacks merit, the plaintiff either is out of federal court or loses the case. Here, the Army argues that it issued the Article 32 subpoena "under" rules comparable to the Federal Rules of Civil or Criminal Procedure, so as to trigger the exemption of 12 U.S.C. § 3413(e). But that argument simply puts the issue before the court. If it turns out that the subpoena was not issued "under" such rules, then there is no entitlement to the § 3413(e) exemption.

Alone, the word "under" might be given many possible meanings, but read in the context of the governmental litigation exemption of 12 U.S.C. § 3413(e), the meaning is plain. Section 3413(e) exempts from the RFPA financial records sought by a government authority "under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts...." *Id.* The exemption's reference to "rules" presumes the existence of some rule that governs procedures for obtaining the sought-after information. *See, e.g.,* Fed.R.Civ.P. 45; Fed.R.Crim.P. 17; 10 U.S.C. § 846 (UCMJ); RCM 703(e)(2)(C). Here, the Army sought the Flowers' financial records by issuing a subpoena in an Article 32 proceeding. Neither the Federal Rules of Civil or Criminal Procedure, the UCMJ, the RCM, nor any other rule authorizes the use of a subpoena in such a proceeding. Thus, the Army's issuance of the Article 32 subpoena to obtain the Flowers' financial records was not "under" a rule as that term is used in 12 U.S.C. § 3413(e). *Cf. Ardestani v. INS,* 502 U.S. 129, 135, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991) (in-

terpreting a statutory requirement that an adjudication be "under" a certain provision of the United States Code as meaning that the adjudication must be "governed by" or "subject to" that provision).

■ We emphasize that we do not here address a case in which a particular rule authorizes the issuance of a subpoena, but the rule was not followed. In such a circumstance, it is conceivable there could be a defective subpoena which nonetheless was issued in reliance on, or "under," an applicable rule. For example, a governmental authority might cause a subpoena to be issued pursuant to the Federal Rules of Criminal Procedure, but neglect to obtain the necessary Clerk's seal as required by Rule 17(a). Such a technically defective subpoena might possibly meet the RFPA's § 3413(e) requirement that the subpoena be issued "under" the Federal Rules of Criminal Procedure, because those rules govern the issuance of subpoenas. We express no opinion on such a hypothetical case. We hold only that where no rule governs the issuance of the subpoena by which financial records are sought, that subpoena cannot be considered as having been issued "under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts" for the purpose of 12 U.S.C. § 3413(e).

■ We recognize that a busy bank officer, unschooled in military or federal law, examining the face of the subpoena in this case would have difficulty deciding whether it was issued under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts. *See* 12 U.S.C. § 3413(e). But the Bank did not have to make that decision. All it had to do was obtain a certificate of compliance pursuant to the RFPA. *Id.* §§ 3403(b), 3407, 3411. The Bank did not do that. As a result, it acted at its peril in releasing the Flowers' financial records, and to avoid liability in this case it must establish its entitlement to one of the RFPA's exemptions. We have concluded that the governmental litigation exemption provided by 12 U.S.C. § 3413(e) is inapplicable. We next consider whether the grand jury exemption provided by § 3413(i) applies.[2]

## B

### The Exemption for Grand Jury Proceedings

■ The Bank argues that even if the governmental litigation exemption of § 3413(e) is inapplicable, the exemption in the RFPA for grand jury proceedings, 12 U.S.C. § 3413(i), ought to apply. Section 3413(i) provides: "Nothing in this title . . . shall apply to any subpoena or court order issued in connection with proceedings before a grand jury." The Bank relies upon what it characterizes as the "ruling" in *Morgan v. Perry*, 142 F.3d 670, 678 n. 13 (3d Cir.1998), that an Article 32 proceeding is the military counterpart to a grand jury proceeding.

---

2. The government contends that, because the Bank mailed Sergeant Major Flowers a letter informing him (but not his wife) of the subpoena six weeks before the financial records were produced, and the Flowers did not object to their production, they waived the right to file a complaint regarding the production of the records. We disagree. The RFPA requires more than just notice of a subpoena. It requires that the government authority issuing the subpoena notify the customer of his or her rights under that Act. 12 U.S.C. § 3407(2). The Army never provided such a notice, and neither did the Bank. Acceptance of the government's argument would lead to a direct contradiction of the plain language of the RFPA, allowing a financial institution to fail to obtain the requisite certificate of compliance, and then claim waiver based on an inadequate notice. We will not read into the RFPA an exception that contradicts its plain language.

The *Morgan* "ruling" is actually dicta provided by the Third Circuit in explaining the background of that case; the characterization of an Article 32 proceeding was of no significance to the court's holding. *See id.* at 677–78. Nonetheless, it is accurate dicta, so far as it goes. *See, e.g.,* Byrne, *supra,* at 80–81 (after noting that Article V of the Constitution specifically exempts the U.S. military from the requirement of holding grand jury proceedings, explaining that Article 32 proceedings offer at least as much protection to the accused as grand jury proceedings).

A degree of similarity in function between a grand jury proceeding and an Article 32 proceeding does not mean that an Article 32 proceeding is within the grand jury exemption of § 3413(i) of the RFPA. An Article 32 proceeding is not conducted by a grand jury with subpoena powers; an Article 32 proceeding is conducted by an investigating officer without subpoena powers. Congress may have chosen to adopt a military procedure for an Article 32 proceeding that has some of the same attributes as a grand jury proceeding, but Congress did not, as we have said earlier, authorize subpoena powers to carry out that procedure.

The inapplicability of § 3413(i) of the RFPA to Article 32 proceedings is also revealed by that section's provision that "a court shall have authority to order a financial institution, on which a subpoena for customer records has been served, not to notify the customer of the existence of the subpoena." 12 U.S.C. § 3413(i). This provision is logical in the context of grand jury proceedings, where the proceedings can be secret and the possible subject of an indictment has no right to learn of the evidence against him or her at that stage. Yet, it is antithetical to Article 32 proceedings, where a defendant has the right to be present and to be informed of the full extent of all evidence against him or her, subject only to limited exceptions. *See* RCM 405(f). We conclude that an invalid subpoena issued in an Article 32 proceeding is not within the RFPA's § 3413(i) exemption for subpoenas issued in grand jury proceedings.

## III

### Leave to Amend

■ The Flowers sought leave to amend their complaint to add the U.S. Army as a defendant and to change the description in their complaint of Captain Ohlweiler from "trial counsel" to "government counsel." The district court denied the motion, holding that such amendments were futile because they would not change the outcome of the case.

■ We review for abuse of discretion the denial of leave to amend after a responsive pleading has been filed. *Yakama Indian Nation v. Wash. Dep't of Revenue,* 176 F.3d 1241, 1246 (9th Cir.1999). We are very cautious in approving a district court's decision to deny pro se litigants leave to amend. *See Lucas v. Dep't of Corr.,* 66 F.3d 245, 248–49 (9th Cir.1995) (per curiam) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend). A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 247 (9th Cir.1990) (per curiam).

Here, amendment would not be futile because, as we have determined, the Flowers have stated a RFPA cause of action, and the exemptions asserted by the Bank are inapplicable. Further, trial has not begun and the Flowers are pro se litigants entitled to the permissive amendment standard. *Lucas,* 66 F.3d at 248–49.

We reverse the district court's order denying leave to amend. On remand, the district court shall allow appropriate amendments including, but not limited to, clarification of Captain Ohlweiler's status and the addition of the Army as a defendant.[3] The Flowers may also amend their damages allegations if they wish to do so.

## IV

### Conclusion

The district court's judgment on the pleadings in favor of the Bank, and its order denying the Flowers' motion to amend their complaint, are reversed. The Flowers' challenge to the district court's denial of their motion for reconsideration is moot.

REVERSED and REMANDED.

---

3. The Flowers also brought a separate action against the Army in federal court in Hawaii. As an alternative to permitting the Flowers to amend their complaint to add the Army as a defendant, the district court may decide to consolidate the two actions, if consolidation would achieve the same purpose as the amendment and would otherwise be appropriate, questions we do not consider.