**Stephen T. DIMARZIO, Plaintiff–
Appellant,**

v.

**Terri JACOBS; et al., Defendants—
Appellees.**

No. 05–15750.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

Stephen T. Dimarzio, Lovelock, NV, pro se.

Susan E. Lee, Esq., AGNV—Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Nevada state prisoner Stephen T. DiMarzio appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging constitutional violations related to his serious medical condition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

The district court properly dismissed DiMarzio's claims that defendants acted with deliberate indifference by misdiagnosing his ruptured disc. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990) (recognizing even gross negligence is insufficient to establish deliberate indifference); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (as a matter of law difference of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

Because DiMarzio's opening brief does not challenge the district court's dismissal of his due process claims, he has waived his right to challenge that portion of the order. *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003).

The district court did not abuse its discretion in denying DiMarzio's request for leave to amend his second amended complaint after responsive pleadings were filed, because amendment would have been futile. *See Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002).

**AFFIRMED.**