David MOORE, Jr., Plaintiff—
Appellant,

v.

Reginald A. FIGUEROA, sued in individual and official capacity; et al., Defendants,

and

Patricia Mongiat, sued in her individual and official capacity; et al., Defendants—Appellees.

No. 05–16489.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.[*]

Decided July 28, 2006.

David Moore, Jr., Buckeye, AZ, pro se.

[*] The panel unanimously finds this case suitable

R. Elizabeth Teply, Esq., Phoenix, AZ, for Defendants.

Anne Stratman, Esq., Tucson, AZ, for Defendants-Appellees.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

### MEMORANDUM **

David Moore, Jr., an Arizona state prisoner, appeals pro se from the district court's summary judgment in favor of Nurse Practitioner Patricia Mongiat and Facilities Health Administrator Linda Hammer in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion denials of motions for leave to amend, *Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002), for enlargement of time to complete discovery, *Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1442 (9th Cir. 1986), and for appointment of counsel, *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991). We construe liberally the pleadings of pro se litigants, *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987), and we may affirm on any basis supported by the record, *Dixon v. Wallowa County,* 336 F.3d 1013, 1018 (9th Cir.2003). We affirm.

The record reveals that an orthopedic specialist evaluated Moore's knee injury, and concluded that surgery or other intervention was not indicated. The district court granted summary judgment on the ground that Moore presented no evidence of inadequate medical treatment or of harm caused by the defendants and therefore did not establish a constitutional violation. Moore does not challenge the merits of summary judgment. Instead he contends that the district court abused its discretion in denying his motions for leave to amend, for enlargement of discovery time, and for appointment of counsel.

The district court did not abuse its discretion when it denied Moore's motion for leave to amend his complaint because amendment would have been futile. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 247 (9th Cir.1990) (per curiam). The district court did not abuse its discretion when it denied Moore's motion to extend time for discovery because he did not identify any ungathered evidence that would have defeated summary judgment. *See Brae,* 790 F.2d at 1443. Finally, the district court did not abuse its discretion when it denied Moore's motion for appointment of counsel because he did not show exceptional circumstances. *See Terrell,* 935 F.2d at 1017.

The remaining issues listed in Moore's opening brief were not supported by argument and are therefore deemed abandoned. *See Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

**AFFIRMED.**

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.