**MAUI VACATION RENTAL ASSOCIATION, INC.,**
Plaintiff–Appellant,

v.

**COUNTY OF MAUI; et al.,**
Defendants–Appellees.

No. 08–15251.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Dec. 10, 2008.

Mark Motojuro Murakami, Esquire, Robert H. Thomas, Esquire, Damon Key Leong Kupchak Hastert, Honolulu, HI, for Plaintiff–Appellant.

Jane E. Lovell, Deputy Corporation Counsel, Deputies Corporation Counsel, Maui, HI, for Defendants–Appellees.

Before: SCHROEDER, PAEZ and
N.R. SMITH, Circuit Judges.

MEMORANDUM *

Maui Vacation Rental Association, Inc. ("MVRA") appeals the district court's dismissal (without leave to amend) of its 42 U.S.C. § 1983 due process claim, and its equitable estoppel claim, under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ The district court properly dismissed MVRA's claims, because MVRA cannot prove a set of facts in support of its claims that would entitle its members to relief. *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 619 (9th Cir.2004) (describing standard of review). Dismissal without leave to amend was appropriate because amendment would be futile. *Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002).

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges, Ledges of Cal., Inc. v. City of Phoenix, Ariz.,* 24 F.3d 56, 62 (9th Cir. 1994) (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). The Constitution does not create protected property interests; they instead spring from "an independent source such as state law-rules or understandings that secure certain benefits and that *support claims of entitlement* to those

benefits." *Thornton v. City of St. Helens,* 425 F.3d 1158, 1164 (9th Cir.2005) (citing *Roth,* 408 U.S. at 577, 92 S.Ct. 2701) (emphasis added). Moreover, a "legitimate claim of entitlement" is more than a "unilateral expectation of a benefit or privilege," *Nunez v. City of L.A.,* 147 F.3d 867, 872 (9th Cir.1998) (internal quotations omitted), but is "determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms," *Wedges, Ledges of Cal.,* 24 F.3d at 62 (internal quotation omitted). In short, property interests arise only when the state law "truly ma[kes] [conferral of the benefit] *mandatory." Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 760, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005) (emphasis in original).

Even if MVRA properly raised its "official assurances" argument, it cannot cite any Hawaii case or statutory law that supports a legitimate claim to its asserted entitlements—that its members have both (1) the right to operate transient vacation rentals ("TVRs") without required permits while Maui County processes permit applications and (2) the right to have Maui County indefinitely maintain its enforcement by complaint policy. Accordingly, the district court properly dismissed MVRA's due process claim and, because allowing an amendment to clarify this argument would be futile, the court did not abuse its discretion when it denied MVRA leave to amend.

■ The district court also correctly dismissed MVRA's estoppel claim. Equitable estoppel protects a developer's change of position resulting from a "substantial expenditure of money in connection with his project in reliance ... on *official assurance* ... that necessary approvals will be forthcoming in due course, and he may

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

safely proceed with the project." *Life of the Land, Inc. v. City Council of City & County of Honolulu,* 61 Haw. 390, 606 P.2d 866, 902 (1980) (emphasis added). MVRA members did not receive "official" assurances under Hawaii law. *See Kepo'o v. Kane,* 106 Hawai'i 270, 103 P.3d 939, 964 (2005) (government agents "must act within the bounds of their authority," and "one who deals with [government agents] assumes the risk that [the agents] are so acting") (quotation marks and citation omitted). Moreover, MVRA members operating TVRs without permits were on notice that their conduct was unlawful and that Maui County retained discretionary authority to enforce the permit requirement. *See Brescia v. N. Shore Ohana,* 115 Hawai'i 477, 168 P.3d 929, 952 (2007). Accordingly, MVRA cannot prevail on an equitable estoppel claim.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.