**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANGELO PAUL PERONDI, | No. 08-17479 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02833-ROS-JRI |
| v. | |
| DORA SCHRIRO, Director of Operations; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted February 16, 2010 [**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Arizona state prisoner Angelo Paul Perondi appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

LSS/Research

indifference to his health as a result of exposure to lead contamination in the prison water. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly determined that Perondi failed to establish a triable issue as to whether the defendants knew of and disregarded an excessive risk to him from exposure to lead in the prison's drinking and cooking water. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]").

The district court did not abuse its discretion in denying Perondi's request for appointment of counsel because he did not demonstrate extraordinary circumstances. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The district court also did not abuse its discretion in denying Perondi's motion for class certification because Perondi was not an adequate class representative. *See* Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able to "fairly and adequately protect the interests of the class"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (lay person lacks authority to appear as an attorney for others).

The district court did not abuse its discretion in denying Perondi's motion for a medical examination in light of Perondi's inability to pay the associated costs. *See* Fed. R. Civ. P. 35 (providing no cost-shifting mechanisms); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (reviewing for abuse of discretion decisions on discovery issues).

Finally, the district court did not abuse its discretion in denying Perondi's request to amend his complaint to add a defendant, made after the discovery period had ended and defendants had filed their motion for summary judgment. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (denial of leave to amend after a responsive pleading has been filed is reviewed for abuse of discretion).

Perondi's remaining contentions are unpersuasive.

**AFFIRMED.**