FILED

OCT 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN M. CANAS,

             Plaintiff - Appellant,

   v.

RAYTHEON TECHNICAL SERVICES
COMPANY, LLC, a subsidiary of
Raytheon Company,

             Defendant - Appellee.

No. 10-56897

D.C. No. 5:10-cv-01432-R-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

     Stephen M. Canas appeals pro se from the district court's order dismissing

his employment action against Raytheon Technical Services Company, LLC. We

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 206 (9th Cir. 1991).  We vacate and remand.

Although the district court properly dismissed his claims, Canas was proceeding pro se, and the district court abused its discretion by dismissing Canas' action with prejudice and without an opportunity to amend.  *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (noting standard of review and that this court is "very cautious in approving a district court's decision to deny pro se litigants leave to amend"); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Accordingly, we vacate and remand to allow Canas an opportunity to file an amended complaint.

Raytheon's objection to and motion to strike Canas' requests to supplement the record on appeal are granted.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**

10-56897