FILED

NOV 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR J. WHEELER, | No. 11-16486 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00866-GMN-PAL |
| v. | |
| TERRIBLE HERBST INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Arthur J. Wheeler appeals pro se from the district court's judgment

dismissing his Title VII action alleging racial discrimination and retaliation.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We review for an abuse of discretion a dismissal for failure to comply with a court order or a local rule. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). We reverse and remand.

To the extent that the district court dismissed Wheeler's action for failure to state a claim, the district court abused its discretion by dismissing Wheeler's action with prejudice and without an opportunity to amend because Wheeler was proceeding pro se, he indicated that he had recently obtained counsel, and it is not clear that his complaint could not be cured by amendment. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (noting standard of review and that this court is "very cautious in approving a district court's decision to deny pro se litigants leave to amend").

To the extent that the district court dismissed Wheeler's action with prejudice for failure to comply with a court order or a local rule, the district court abused its discretion because the court failed to consider less drastic alternatives. *See Pagtalunan*, 291 F.3d at 642-43 (listing factors to consider before dismissing for failure to comply with a court order and explaining that warning of dismissal for failure to comply prior to disobedience of the court order did not constitute

consideration of less drastic alternatives); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."). Moreover, Wheeler's violations, such as filing his pro se opposition to the motion to dismiss five days late, did not prejudice defendant or impede the court's ability to manage its docket. *See Ghazali*, 46 F.3d at 53 (listing factors to consider before dismissing for failure to comply with a local rule); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) ("In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.").

Accordingly, we reverse and remand for further proceedings consistent with our disposition.

**REVERSED and REMANDED.**