

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KIESHA L. HOLMES; KOHREA McKINNEY, | No. 12-16741 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-01376-GMS |
| v. | MEMORANDUM[*] |
| FLOWER FOOD INCORPORATED, a Georgia Corporation, parent company to Subsidiary Holsum Bakery, Incorporated, an Arizona Corporation; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 24, 2013[**]

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Kiesha L. Holmes and Kohrea McKinney appeal pro se from the district

court's judgment dismissing their employment action. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed plaintiffs' Title VII claims without leave to amend because these claims were time-barred. *See* 42 U.S.C. § 2000e-5(f)(1); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam) (Title VII claim was untimely because complaint was filed more than 90 days after Equal Employment Opportunity Commission's issuance of right-to-sue letter, even though earlier dismissed action based on the same events was timely).

Although the complaint did not contain a short and plain statement of the remaining claims as required by Fed. R. Civ. P. 8(a), dismissal of plaintiffs' remaining claims was improper at this early stage because plaintiffs were proceeding pro se and the dismissal was with prejudice and without an opportunity to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (noting that this court is "very cautious in approving a district court's decision to deny pro se litigants leave to amend"); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Accordingly, we vacate in part and remand to allow plaintiffs an opportunity to file an amended complaint.

**AFFIRMED in part; VACATED in part; and REMANDED.**