FILED

MAR 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID RAYMOND ANDREWS, | No. 14-16014 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01042-GSA |
| v. | |
| S. TORRES, Correctional Case Records Manager; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted February 17, 2015[***]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

David Raymond Andrews, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Andrews consented to proceed before a magistrate judge. *See* Fed. R. App. P. 34(a)(2).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process and equal protection violations in connection with the processing of prison grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003) (dismissal under 28 U.S.C. § 1915A). We affirm in part, reverse in part, and remand.

The district court erred in determining that Andrews's § 1983 claims were *Heck*-barred because Andrews sought only the recalculation of his minimum eligible parole date ("MEPD"), an outcome that would not necessarily result in earlier release or imply the invalidity of Andrews's continued confinement. *See Ramirez*, 334 F.3d at 856 ("[T]he applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement."); *In re Dannenberg*, 104 P.3d 783, 791, 804-05 (Cal. 2005) (MEPD does not determine release date because California prisoner has no right to a release date prior to being deemed suitable for parole), *overruled in part on other grounds by In re Lawrence*, 190 P.3d 535, 539 (Cal. 2008).

The district court properly dismissed the equal protection and due process claims on the separate grounds that Andrews presented only conclusory allegations

14-16014

of intentional discrimination, *see Barren*, 152 F.3d at 1194 (equal protection claim requires showing that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class"), and failed to allege facts implicating a protected liberty interest, *see Ramirez*, 334 F.3d at 860-61 (discussing requirements for due process claims in prison context).

However, dismissal of Andrews's claims without leave to amend was improper at this early stage of the proceedings. *See Ramirez*, 334 F.3d at 861 (leave to amend should be granted unless the pleading could not possibly be cured by amendment); *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (this court is "very cautious in approving a district court's decision to deny pro se litigants leave to amend").

Because of our disposition, we do not address the district court's decision declining to exercise jurisdiction over the pendent state law claims, but we vacate that decision to permit the district court to address the issue on remand.

Accordingly, we reverse and remand with instructions to allow Andrews an opportunity to file an amended complaint.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

14-16014