NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR VALERO; BLANCA VALERO, | No. 13-16163 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-01115-KJM-EFB |
| v. | |
| BAC HOME LOANS SERVICING, LP; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 14, 2016**

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Oscar and Blanca Valero appeal pro se from the district court's order

dismissing their action alleging federal and state claims related to the foreclosure

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Appellees' request for oral argument, set forth in their answering brief, is denied. *See* Fed. R. App. P. 34(a)(2).

of their home.   We have jurisdiction under 28 U.S.C. 1291.   We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).   *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).   We affirm.

The district court properly dismissed the Valeros' claims under 42 U.S.C. § 1983 because the Valeros failed to allege that the defendants acted under color of state law.   *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law.").

The district court properly dismissed the Valeros' claims under 18 U.S.C. §§ 241, 1341, 1343, and 1621, because there is no private civil right of action provided by those criminal statutes.   *See Touche Ross & Co. v. Redington,* 442 U.S. 560, 575 (1979) (holding that the "central inquiry remains whether Congress intended to create, whether expressly or by implication, a private cause of action."); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (§ 241 does not provide a private right of action).

The district court did not abuse its discretion by denying the Valeros leave to

amend their federal claims because amendment would have been futile. *See*

*Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (setting forth

standard of review).

The district court did not abuse its discretion by declining to exercise

supplemental jurisdiction over the Valeros' state law wrongful foreclosure claim

because the Valeros failed to state a federal claim. *See Ove*, 264 F.3d at 826

(setting forth standard of review and explaining that "[a] court may decline to

exercise supplemental jurisdiction over related state-law claims once it has

dismissed all claims over which it has original jurisdiction." (citation and internal

quotation marks omitted)).

The Valeros' request for judicial notice, set forth in their opening brief, is

denied.

**AFFIRMED.**

13-16163