**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VLADIK BYKOV, | No. 15-35929 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00713-JCC |
| v. | |
| STEVEN G. ROSEN, and his marital community; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 27, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vladik Bykov appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action, which alleged federal and state law violations in connection with the imposition and enforcement of probation conditions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). We affirm in part, vacate in part, and remand.

I

The district court properly dismissed without leave to amend Bykov's constitutional right-to-medical-privacy claims for monetary damages against Judge Rosen and Officer Rogers because they are entitled to judicial and quasi-judicial immunity, respectively. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and therefore subject to judicial immunity).

II

The district court properly dismissed Bykov's constitutional right-to-medical-privacy claim against the City of Seattle because a municipality may not be held vicariously liable for its employees' alleged constitutional violations, and the amended complaint fails to allege any facts showing that Seattle had a policy or custom that caused Bykov's alleged injury. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403

(1997) ("[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor," and plaintiff must "identify a municipal policy or custom that caused the plaintiff's injury." (citations and internal quotations marks omitted)).

III

The district court properly dismissed Bykov's claims under Title II of the Americans with Disabilities Act of 1990 ("ADA") and the Washington Law Against Discrimination ("WLAD") because Bykov failed to allege facts sufficient to show any discriminatory motivation for Judge Rosen's and Officer Rogers's actions. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (ADA claim requires establishing that plaintiff was discriminated against due to plaintiff's disability); *Duvall*, 260 F.3d at 1135 (WLAD claim requires establishing that plaintiff's disability was a substantial factor causing discrimination).

IV

The district court properly dismissed Bykov's legal malpractice claims against defendants Murphy and Naylor because Bykov failed to allege facts sufficient to state plausible claims, and documents subject to judicial notice contradict Bykov's allegation that Murphy failed to inform Judge Rosen that Bykov signed the medical records release form. *Hizey v. Carpenter*, 830 P.2d 646, 651–52 (Wash. 1992) (listing elements of legal malpractice claim); *Sprewell v. Golden State Warriors*, 266 F.3d

3

979, 988 (9th Cir. 2001) (when reviewing dismissal for failure to state a claim, the court need not "accept as true allegations that contradict matters properly subject to judicial notice").

However, in opposing the defendants' motions to dismiss his claims, Bykov alternatively requested leave to amend his complaint to cure any deficiencies. "We are very cautious in approving a district court's decision to deny pro se litigants leave to amend," *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002), and in this case the district court dismissed Bykov's claims without considering whether to grant Bykov leave to amend any claim dismissed without prejudice. Therefore, we vacate the judgment with respect to the legal malpractice claims, the negligent hiring and supervision claim, the constitutional right-to-medical-privacy claim against the City of Seattle, and the discrimination claims brought under the ADA and the WLAD. On remand, the district court shall consider whether Bykov should be given an opportunity to amend these claims or whether amendment would be futile. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248–49 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). In addition, the district court shall consider on remand whether Bykov alleged plausible claims for relief under the First Amendment, the Fourth Amendment,

and the Fourteenth Amendment (procedural due process and equal protection).

V

The district court did not abuse its discretion by taking judicial notice of the Washington State court proceedings. Fed. R. Evid. 201(b)(2); *United States v. Woods*, 335 F.3d 993, 1000–01 (9th Cir. 2003) (setting forth standard of review); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bykov's motion for a waiver of PACER fees, filed on December 24, 2015, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, REMANDED.**