NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CALIFORNIANS FOR RENEWABLE
ENERGY, a California Non-Profit
Corporation; et al.,

Plaintiffs-Appellants,

v.

CALIFORNIA PUBLIC UTILITIES
COMMISSION, an Independent California
State Agency; et al.,

Defendants-Appellees.

No.    23-55291

D.C. No.
2:11-cv-04975-JWH-JCG

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted October 10, 2024
Pasadena, California

Before:  PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

CAlifornians for Renewable Energy ("CARE"), Michael Boyd, and Robert

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sarvey appeal the district court's dismissals of their operative complaints asserting that the California Public Utilities Commission ("CPUC") violated the federal Public Utility Regulatory Policies Act ("PURPA"), 16 U.S.C. § 824a-3. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     CARE, Boyd, and Sarvey alleged sufficient facts to establish Article III standing at the motion to dismiss stage. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). They alleged that they received less compensation than federal law entitles them to for electricity they sold to utilities because of the CPUC's improper calculation of avoided cost. This "is a classic pocketbook injury sufficient to give a plaintiff standing." *Jama v. State Farm Mut. Auto. Ins. Co.*, 113 F.4th 924, 937 (9th Cir. 2024) (cleaned up).

2.     Although Boyd and Sarvey alleged sufficient facts to establish Article III standing, the district court correctly held that their operative seventh amended complaint failed to state a claim. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("[T]he threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim."). A PURPA implementation claim must allege a violation of that statute or an implementing regulation. *See* 16 U.S.C. § 824a-3(h)(2)(B). The purported violation in this case, as we noted in a prior opinion, is the CPUC's avoided cost calculation applicable to the sale of electricity by a qualifying facility ("QF") to an investor-owned utility

2

("IOU") to satisfy the Renewables Portfolio Standard ("RPS") obligations imposed on IOUs by California law. *See CAlifornians for Renewable Energy v. Cal. Pub. Utils. Comm'n*, 922 F.3d 929, 936-38 (9th Cir. 2019). IOUs can only satisfy their RPS obligations with electricity generated by facilities certified by the California Energy Commission ("CEC") as "eligible renewable energy resources." Cal. Pub. Util. Code §§ 399.11(a), 399.25(a). The seventh amended complaint does not allege that Boyd and Sarvey are so certified.[1]

3.     The district court did not abuse its discretion in denying Boyd and Sarvey leave to file an eighth amended complaint because amendment would have been futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). The proposed eighth amended complaint also failed to allege that Boyd and Sarvey are certified by the CEC as renewable energy resources, nor do they argue they are so certified on appeal.

4.     CARE's operative sixth amended complaint also failed to state a claim upon which relief can be granted. PURPA only authorizes suits by QFs and other specified entities. 16 U.S.C. § 824a-3(h)(2)(B). The sixth amended complaint did not allege that CARE was a QF or otherwise authorized to sue. *See* 18 C.F.R. § 292.203.

---

[1]     Because we determine the district court properly dismissed Boyd and Sarvey's claim under Rule 12(b)(6), we need not address the court's Rule 41(b) dismissal.

5.      Given the long history of this litigation, the district court did not abuse its discretion in denying CARE leave to file an eighth amended and third supplemental complaint alleging that it had recently obtained QF certification. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). In any event, amendment would be futile as the proposed pleading does not allege that CARE is CEC certified. *See Flowers*, 295 F.3d at 976.

**AFFIRMED.**[2]

---

[2]      Appellants' motion for judicial notice, Dkt. 40, and Appellees' motion to strike portions of the reply brief, Dkt. 47, are denied.