FILED

**NOT FOR PUBLICATION**

FEB 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, | No. 08-16942 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-00196-FRZ |
| v. | |
| FEDERAL DISTRICT COURT; OFFICE OF UNITED STATES ATTORNEY GENERAL; STATE OF ARIZONA ATTORNEY GENERAL; PIMA COUNTY; TUCSON POLICE DEPARTMENT; CITY OF TUCSON; CARONDELET HEALTH NETWORK; MAYA MELENDEZ, Doctor, and others; SONORA BEHAVIORAL HEALTH CENTER; BUPP, Doctor, and others; SOUTHERN ARIZONA MENTAL HEALTH CENTER; UNIVERSITY PHYSICIANS, at Kino Campus; PELAYO, Doctor, and others; CODAC BEHAVIOIRAL HEALTH SERVICES, INC., including Dr. Bupp; HANLON-TOTH, Doctor, and others; JAN BREWER, Arizona Secretary of State; PIMA COUNTY SUPERIOR COURT; ANDREA HERBERT, Carondolet Health Network, | MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted September 26, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Jane Doe appeals pro se from the district court's order dismissing her case. Doe's amended complaint raised numerous claims against multiple federal, state and private parties, apparently arising out of incidents of involuntary commitment in 2005 and 2006. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts of the case are known to the parties. We repeat them only as necessary.

**I**

Doe first argues that the district court erred by holding that the amended complaint failed to comply with the pleading requirements and by granting defendants' motions to dismiss for failure to state a claim and motions for summary judgment.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

We review the district court's grant of a motion to dismiss for failure to state a claim *de novo*. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The district court correctly held that Doe's amended complaint did not comport with the pleading standards set forth in Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. A complaint "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal citations omitted). And although pro se pleadings are construed liberally, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Doe's amended complaint was insufficient to provide notice to the defendants even under the liberal pro se pleading standards. Accordingly the district court did not err in granting defendants' motions to dismiss for failure to state a claim.

For the same reasons, the district court did not err in granting the remaining defendants' motions for summary judgment. We review *de novo* the district court's grant of summary judgment. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). Because Doe's complaint was not

3

sufficient to give the parties notice of what she was pleading, it was also insufficient to raise a genuine issue of material fact as to what she was pleading. *See* FED. R. CIV. P. 56(a).

## II

Doe next argues that the district court erred in dismissing her case with prejudice and without leave to amend. We review a district court's dismissal with prejudice and without leave to amend for abuse of discretion. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

After a pleading is amended as a matter of course, a court should only grant further leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(1) & (2). Although the policy allowing amendments "is to be applied with extreme liberality," *Eminence Capital*, 316 F.3d at 1051 (internal quotation marks omitted), there are several factors that weigh against granting successive amendments: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In light of Doe's conduct in this action, the district court had good reason to believe that further

4

amendments would be futile and prejudice the defendants. It was therefore not an abuse of discretion to dismiss this case with prejudice.

### III

Doe argues that the district court erred by denying her motions for a preliminary injunction and her motion for an extension of time as moot. We review the denial of both of these motions for abuse of discretion. *See Harris v. Bd. of Supervisors*, 366 F.3d 754, 760 (9th Cir. 2004) (denial of motion for preliminary injunction reviewed for abuse of discretion); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (denial of motion for an extension of time reviewed for abuse of discretion).

To obtain a preliminary injunction, a plaintiff must demonstrate "a strong likelihood of success on the merits." *Harris*, 366 F.3d at 759 (internal quotation marks omitted). Because Doe's complaint was insufficient to survive a motion to dismiss for failure to state a claim, she could not show a strong likelihood of success on the merits. It was therefore not an abuse of discretion to deny the motions for a preliminary injunction as moot.

Rule 6(b) of the Federal Rules of Civil Procedure allows the court to grant an extension of time "for good cause." FED. R. CIV. P. 6(b). Although the district court did not rule on Doe's motion during the pendency of the case, the district

5

court did not rule on defendants' motions to dismiss until nearly seven months after they were filed. Given that Doe had far more time to respond to defendants' motions than she would have under a regular pleading schedule, it was not an abuse of discretion to deny as moot her motion for extension of time.

**IV**

We have reviewed Doe's remaining contentions and determine that they lack merit. Accordingly, the district court's judgment is affirmed. All pending motions are denied as moot.

**AFFIRMED**.