**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>BRENDA M. JOHNSON,<br>           Debtor. | BAP Nos. WW-23-1190-BSG<br>        WW-23-1195-BSG<br>        WW-23-1199-BSG<br>        (Related Appeals) |
| BRENDA M. JOHNSON,<br>          Appellant,<br>v.<br>ALBERTSONS COMPANIES, INC.;<br>AMAZON.COM SERVICES, LLC;<br>EQUIFAX INFORMATION SERVICES,<br>LLC; PUYALLUP TRIBAL GAMING<br>ENTERPRISES, INC. dba EMERALD<br>QUEEN CASINO & HOTEL; THE<br>TRAVELERS INDEMITY COMPANY;<br>STATE OF WASHINGTON,<br>          Appellees. | Bk. No. 3:15-bk-41795-BDL<br><br>Adv. No. 3:23-ap-04031-BDL<br><br>**MEMORANDUM***  |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Brian D. Lynch, Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellant Brenda Johnson[1] appeals several orders from the bankruptcy

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] On August 1, 2024, the day before oral argument, the Panel received a filing from

court: orders denying and granting requests to shorten time; an order dismissing her complaint with leave to amend; an order to show cause why she should not be declared a vexatious litigant; an order dismissing her later amended complaint with prejudice and dismissing her adversary proceeding; and an order declaring her a vexatious litigant and imposing filing restrictions. Ms. Johnson has not articulated any substantive argument for how the bankruptcy court erred or abused its discretion in these decisions. Our review of the record reveals none, and we AFFIRM.

## FACTS

Ms. Johnson filed a chapter 7[2] bankruptcy case on April 17, 2015. She received a discharge and the case was closed.

Eight years later, Ms. Johnson, pro se, filed an adversary complaint against multiple defendants seeking damages for contempt for their alleged violation of the discharge injunction. Her Second Amended Complaint is one of the two operative complaints at issue. In support, Ms. Johnson submitted documents filed in other tribunals involving cases between her and many of the same defendants named in the adversary action, including filings from a 1999 family law case involving her former husband.

---

Ms. Johnson. In that filing, which we reject as an unauthorized supplemental reply, Ms. Johnson states that her last name is still Rembert, the last name of her former spouse. However, since she filed her bankruptcy case and subsequent appeals with the name Johnson, we refer to her as Ms. Johnson. No disrespect is intended.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Of the 50 named defendants, several responded by filing motions to dismiss under Civil Rule 12(b)(6), including Albertson's Companies, Inc. ("Albertsons"), Amazon.com Services LLC ("Amazon"), Equifax Information Services, LLC ("Equifax"), Puyallup Tribal Gaming Enterprises, Inc. dba Emerald Queen Casino & Hotel ("Emerald Queen"), and the State of Washington. They argued that the Second Amended Complaint failed to state a claim for contempt related to the discharge injunction.[3] Precisely, they argued that the Second Amended Complaint did not specify the nature of the alleged violation(s) or set forth any facts showing what any of the defendants had done to violate the discharge order. At best, they argued, it contested some wage garnishments under a domestic support order that were not subject to the discharge injunction.

Meanwhile, Ms. Johnson requested that a default be entered against all defendants. Her position appeared to be that the defendants were required to file an "answer" and that motions to dismiss were not a proper response.

The bankruptcy court granted the motions to dismiss the Second Amended Complaint with leave to amend ("First Dismissal Order").[4] The court warned Ms. Johnson that if her amended complaint did not assert a factual basis for a contempt claim against the defendants, the adversary action would be dismissed. The court also told Ms. Johnson that it was

---

[3] The State of Washington moved to dismiss the adversary as to **all** defendants.

[4] The bankruptcy court denied the State of Washington's request to hear its motion on shortened time with the others but agreed to consider it at the continued hearing on December 13, 2023.

issuing an order to show cause why she should not be declared a vexatious litigant.

On November 11, 2023, Ms. Johnson filed her Third Amended Complaint, the other operative complaint at issue. It contained more detail, but it added no specific facts to support a claim against any of the defendants for violation of the discharge injunction.

The bankruptcy court then entered an order to show cause ("OSC") why Ms. Johnson should not be declared a vexatious litigant. The court noted that the nine cases she had filed in the district and appellate courts since her discharge in 2015 contained many of the same claims she was attempting to litigate in her adversary action against nearly all of the same defendants. A district court case dismissed with prejudice in 2020 had raised the same claims, and Ms. Johnson had recently sought to reopen that case so she could file a contempt action. Ms. Johnson filed a response to the OSC. It did not address the court's concerns but rather alleged misconduct by the court.

Ms. Johnson appealed the order denying the State of Washington's motion for order shortening time, the First Dismissal Order, and the OSC ("Appeal 1190").

Amazon, Albertsons, Emerald Queen, and Equifax moved to dismiss the Third Amended Complaint with prejudice under Civil Rule 12(b)(6), arguing that it too failed to state a claim for contempt for violation of the discharge injunction against any of the defendants. The dismissal motions filed by Amazon, Albertsons, and Emerald Queen were set for December 13,

4

2023, the continued hearing date for the State of Washington's earlier motion to dismiss. The bankruptcy court granted Emerald Queen's motion for order shortening time so that its dismissal motion could be heard with the others. Ms. Johnson appealed Emerald Queen's order shortening time and the order denying the State of Washington's motion for order shortening time that was already part of Appeal 1190 ("Appeal 1195").

At the joint hearing on the motions to dismiss the Third Amended Complaint and the OSC, defendants argued that in her 84 filings in the adversary proceeding, Ms. Johnson had not made any allegations relating to a violation of the discharge injunction by the defendants. The court independently noted that none of the defendants, other than perhaps Ms. Johnson's former husband, was even a creditor in her 2015 bankruptcy. Thus, in the court's opinion, it did not appear that any of them could have violated the discharge injunction. As for the domestic support obligation debt, the court explained to Ms. Johnson that the discharge did not eliminate that debt nor would the discharge injunction apply to it.

The bankruptcy court granted the motions to dismiss the Third Amended Complaint with prejudice ("Final Dismissal Order"). It found that Ms. Johnson again failed to state factual allegations which would support a claim for contempt for violation of the discharge injunction. Under the circumstances, the court found that granting leave for further amendment would be futile. Additionally, the court ruled that Ms. Johnson was a vexatious litigant given her history of repetitive, bad faith, and harassing

5

litigation over the same claims against the same defendants in other tribunals and now in the bankruptcy court, which lacked jurisdiction ("Vexatious Litigant Order"). Ms. Johnson appealed the Final Dismissal Order and the Vexatious Litigant Order ("Appeal 1199").

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.      Did the bankruptcy court abuse its discretion in denying the State of Washington's motion for order shortening time?

2.      Did the bankruptcy court err in granting the motions to dismiss the Second Amended Complaint with leave to amend and entering the First Dismissal Order?

3.      Did the bankruptcy court abuse its discretion in entering the OSC?

4.      Did the bankruptcy court abuse its discretion in granting Emerald Queen's motion for order shortening time?

5.      Did the bankruptcy court err in granting the motions to dismiss the Third Amended Complaint with prejudice and entering the Final Dismissal Order?

6.      Did the bankruptcy court abuse its discretion in entering the Vexatious Litigant Order?

## STANDARDS OF REVIEW

Whether a party has standing is a question of law we review de novo.

6

*All. United Ins. Co. v. Krasnoff (In re Venegas)*, 623 B.R. 555, 560 (9th Cir. BAP 2020). We review de novo the bankruptcy court's grant of a Civil Rule 12(b)(6) motion to dismiss. *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024). De novo review means that we review the matter anew, as if the bankruptcy court had not previously decided it. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review a dismissal without leave to amend and with prejudice for abuse of discretion. *Tracht Gut, LLC v. Cnty. of L.A. (In re Tracht Gut, LLC)*, 503 B.R. 804, 810 (9th Cir. BAP 2014), *aff'd,* 836 F.3d 1146 (9th Cir. 2016). We review the bankruptcy court's procedural rulings for abuse of discretion. *Phillips v. Ornoski,* 673 F.3d 1168, 1179 (9th Cir. 2012). We review for an abuse of discretion a bankruptcy court's decision to issue pre-filing orders. *Koshkalda v. Schoenmann (In re Koshkalda)*, 622 B.R. 749, 757 (9th Cir. BAP 2020) (citing *Ringgold-Lockhart v. Cnty. of L.A.,* 761 F.3d 1057, 1062 (9th Cir. 2014); *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1056 (9th Cir. 2007)). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or not supported by the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

### A.    Appeal 1190

Ms. Johnson appeals three orders in this appeal. The first is the court's denial of the State of Washington's motion for order shortening time.

7

Contrary to some appellees' argument, this interlocutory order became final and appealable once the Final Dismissal Order was entered. *See Hall v. City of L.A.*, 697 F.3d 1059, 1070-71 (9th Cir. 2012) (noting general rule that interlocutory rulings merge into the final judgment and are within the appellate court's jurisdiction to review on appeal from that judgment).

Ms. Johnson has failed to establish that she has both Article III and prudential standing to appeal this order. *See Clifton Cap. Grp., LLC v. Sharp (In re E. Coast Foods, Inc.),* 80 F.4th 901, 905 (9th Cir. 2023) (citing *Fondiller v. Robertson (In re Fondiller),* 707 F.2d 441, 443 (9th Cir. 1983)), *cert. denied sub nom.,* 144 S. Ct. 1064 (2024). As a threshold matter, Ms. Johnson has not shown that by entry of the order she suffered an "injury in fact." *See id.* at 906 (citations omitted). She has also not shown that she was "aggrieved by" or "adversely affected pecuniarily" by the order. *See In re Fondiller,* 707 F.2d at 442. If anything, she benefitted from the denial of the motion to shorten time, especially since the State of Washington was seeking dismissal on behalf of all defendants.

Ms. Johnson also appeals the OSC. This too was an interlocutory order that became final and appealable when the court entered the Vexatious Litigant Order. *See Hall,* 697 F.3d at 1070-71. Ms. Johnson does not raise any argument for how the bankruptcy court abused its discretion in entering the OSC. However, since she has also appealed the Vexatious Litigant Order, we address that issue below.

8

Lastly, Ms. Johnson appeals the First Dismissal Order, which granted the motions to dismiss and dismissed her Second Amended Complaint with leave to amend. Generally, an order dismissing a complaint with leave to amend is a non-appealable interlocutory order. *See Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 618 (9th Cir. 2022) (citation omitted). Some appellees argue that the First Dismissal Order was interlocutory and, apparently, will never be final and appealable. Not so. That order became final and appealable once the bankruptcy court entered the Final Dismissal Order, which dismissed Ms. Johnson's adversary proceeding with prejudice. *See Hall*, 697 F.3d at 1070-71.

The movants sought to dismiss the Second Amended Complaint under Civil Rule 12(b)(6). To survive a motion to dismiss under Civil Rule 12(b)(6), as incorporated by Rule 7012, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint must contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although pro se pleadings are construed liberally, they must meet a minimum threshold in "providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th

9

Cir. 1995). If a pro se litigant fails to meet that threshold, the appropriate remedy is dismissal. *Doe v. Fed. Dist. Ct.,* 467 F. App'x 725, 727 (9th Cir. 2012). A motion to dismiss "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).

Ms. Johnson attempted to allege a claim for contempt for violation of the discharge injunction. Under § 524, the discharge injunction voids any prepetition judgments or debts that were discharged in bankruptcy and operates as an injunction against the commencement or continuation of an action to collect, recover, or offset those discharged debts. Other than her conclusory allegation that the defendants violated the discharge injunction, Ms. Johnson provided no facts whatsoever describing how any of the defendants did so. She does not assert any argument for how the bankruptcy court erred in granting the motions to dismiss the Second Amended Complaint with leave to amend. We see none.

To the extent Ms. Johnson argues that defendants were required to file an answer as opposed to motions to dismiss, she is incorrect. Filing a motion to dismiss prior to filing an answer is not only permitted but required. *See* Civil Rule 12(b); Rule 7012; *see also Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 954 (9th Cir. 2004) (noting that a Civil Rule 12(b)(6) motion to dismiss must be made before the responsive pleading – i.e., answer).

**B.     Appeal 1195**

Here, Ms. Johnson appeals two orders. The first is the court's order granting Emerald Queen's motion for order shortening time to hear its motion to dismiss the Third Amended Complaint. As we noted above and contrary to some appellees' argument, this interlocutory order became final when the bankruptcy court entered the Final Dismissal Order. *Hall*, 697 F.3d at 1070-71. Ms. Johnson has not raised any argument for how the bankruptcy court abused its discretion in entering the order shortening time. Further, nothing indicates that she was prejudiced by it. *See Thomas v. Coppa-Knudson (In re Thomas)*, BAP No. NV-19-1331-GTaB, 2020 WL 5814365, at *5 (9th Cir. BAP Sept. 28, 2020) (observing that an appellant must show prejudice from the procedural deficiency) (citing *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776-77 (9th Cir. 2008), *overruled on other grounds by Law v. Siegel*, 571 U.S. 415 (2014), *as recognized by Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956, 961 (9th Cir. 2021)).

Emerald Queen filed its motion to dismiss on December 1, 2023, and requested that it be heard on December 13, 2023, which is when the State of Washington's same motion was being heard. The court granted the request on December 4, 2023. Thus, the 21-day notice period under Local Bankruptcy Rule 9013-1(d)(2)(F) was shortened to nine days. The order provided that Ms. Johnson could file an opposition before the hearing. She did file one and argued at the hearing. Although time was short, Emerald Queen raised the same argument that the State of Washington raised in its motion to dismiss,

and Ms. Johnson had 43 days' notice of the latter motion. Consequently, we perceive no abuse of discretion by the bankruptcy court in shortening time.

The second order Ms. Johnson appeals is the court's earlier order denying the State of Washington's motion for order shortening time that was already part of Appeal 1190. We have addressed this above.

## C.     Appeal 1199

Finally, Ms. Johnson appeals the Final Dismissal Order dismissing the Third Amended Complaint with prejudice and the Vexatious Litigant Order declaring her a vexatious litigant and imposing filing restrictions. Liberally construing her appeal brief, Ms. Johnson argues that her case should have gone to trial and that the bankruptcy court erred by dismissing the Third Amended Complaint with prejudice. We disagree. While this version of her complaint contained more allegations than prior versions, it still failed to set forth any facts supporting a claim for contempt for violation of the discharge injunction, or any other bankruptcy-related claim that was cognizable and redressable by the bankruptcy court. Ms. Johnson's grievances appeared to relate to incidences involving her attempts to obtain housing, child custody and domestic support disputes, personal injury claims, Social Security disputes, defamation claims, and employment disputes including workplace discrimination and worker's compensation claims.

Although Ms. Johnson did not request leave to amend, the bankruptcy court correctly considered whether an amendment could cure the complaint's deficiencies. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911

12

F.2d 242, 247 (9th Cir. 1990) (directing that the trial court should grant leave to amend even if no request to amend is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts). In determining whether to grant leave to amend, the court should consider several factors including: (1) undue delay; (2) bad faith or dilatory motive by the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Brown v. Stored Value Cards, Inc.,* 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). While leave to amend is to be freely given, if the court determines that amendment would be futile, it must dismiss the complaint with prejudice. *In re Tracht Gut, LLC,* 503 B.R. at 815; *see also Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir. 2002) (dismissal of a pro se complaint without leave to amend is proper when the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend) (citation omitted).

While the bankruptcy court did not discuss each of the above factors or cite *Foman* (or its progeny) in its decision, it did find that amendment would be futile given Ms. Johnson's previous complaints and attempt at amending which failed to allege a plausible claim for violation of the discharge injunction. Further, any domestic support obligation debt, which theoretically is the only thing that could have been at issue, was nondischargeable and not protected by the discharge injunction. Besides futility, which alone is dispositive, the court's findings in support of the Vexatious Litigant Order of

13

bad faith, improper harassment, and unnecessary burden further support its decision to dismiss the Third Amended Complaint with prejudice. On this record, the bankruptcy court did not abuse its discretion in dismissing the Third Amended Complaint with prejudice.

Finally, Ms. Johnson appeals the Vexatious Litigant Order. Bankruptcy courts have inherent authority to sanction vexatious litigation and impose pre-filing restrictions. *In re Koshkalda*, 622 B.R. at 757-58. To impose pre-filing restrictions against a vexatious litigant, the court must:

> (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the [bankruptcy] court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered.

*Id.* at 758 (cleaned up).

Ms. Johnson does not raise any argument for how the bankruptcy court abused its discretion in entering the Vexatious Litigant Order and imposing filing restrictions. In any case, we see no abuse of the court's discretion here.

Ms. Johnson had ample notice between when the bankruptcy court announced it would be issuing the OSC and the hearing date. She filed an opposition and argued at the hearing. In the OSC, the bankruptcy court listed the nine cases Ms. Johnson had filed in other courts since 2015. It further observed that in the adversary proceeding she was seeking many, if not all, of the same claims that were raised against most, if not all, of the same

14

defendants in the case dismissed by the district court with prejudice in 2020. The bankruptcy court determined that the district court's dismissal had not deterred Ms. Johnson, and that her attempt to relitigate these baseless claims in the bankruptcy court, which lacked jurisdiction, was done in bad faith and to harass and burden the defendants. Further, Ms. Johnson had repeatedly failed to establish a plausible claim for what the bankruptcy court did have jurisdiction over – a claim for contempt for violation of the discharge injunction. Finally, the Vexatious Litigant Order was narrowly tailored to prohibit only Ms. Johnson's pro se filings of pleadings or new cases against the same defendants based on the same and/or dismissed claims or issues.

## CONCLUSION

For the reasons stated above, we AFFIRM.